IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIE HIXON,

    Plaintiff,

v.                                                                 CASE NO. 1:11-cv-151-MP-GRJ

UNION CORRECTIONAL INSTITUTION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner presently incarcerated at Union Correctional Institution, has filed documents construed as a complaint pursuant to 42 U.S.C. § 1983. Although the documents are nearly illegible and difficult to construe, it is apparent that Plaintiff's claims stem from prison conditions at Union Correctional Institution and medical care that he has received there, and any possible Defendants in this case would be Union Correctional Institution officials.

    Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Union Correctional Institution is in Union County, Florida, within the Middle District of Florida. Because the only possible Defendants to Plaintiff's claims are in Union County, and the events underlying the complaint occurred in Union County, this case should have been filed in that District. *See* 28 U.S.C § 1391(b).

    Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the

wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  In view of the fact that the Plaintiff is a prisoner proceeding *pro se,* transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 28 U.S.C. § 1406(a) this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division.

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of August 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**